JUSTICE GRAY,
specially concurring.
While the Court’s opinion adequately addresses the matters raised in Justice Erdmann’s dissenting opinion, I write separately to add additional comments about several of the arguments contained therein.
First, the dissent states that the Court cites no cases which support its position. In this regard, I observe only that it is not necessary for this Court to cite “other jurisdiction” cases in support of a straightforward analysis of Montana statutes and case law such as the Court has conducted here.
Next, the dissent quotes from State v. Zielke, (Wis. 1987), 403 N.W.2d 427, a Wisconsin case relied on by the State in addition to the Armenia and Woolery cases discussed in the Court’s opinion. The Wisconsin implied consent statute at issue in Zielke, however — like the Idaho implied consent statute at issue in Woolery — did not contain language prohibiting a nonconsensual blood test in the event a requested test was refused. See Zielke, 403 N.W.2d at 429. Thus, like Woolery, Zielke is not applicable here where § 61-8-402(3), MCA, expressly provides that a test “may not be given” once it has been refused by the arrestee. As discussed in the Court’s opinion, it is this specific portion of Montana’s implied consent statute which renders inadmissible evidence resulting from a nonconsensual drawing of blood following a § 61-8-402, MCA, refusal to submit to the test and which negates the propriety of addressing the issue of the constitutionality of the seizure of Greg’s blood which the dissent would reach in this case.
Finally, while I do not disagree that the Court’s resolution of this case may appear to allow defendants in alcohol or drug-related accidents to use the implied consent statute as a “shield,” I disagree with the dissent’s view that this Court can simply ignore the statutory language in order to produce a politically expedient result. The State’s “remedy” lies with the legislature, which is free to amend the implied consent statute as other state legislatures have done, not with this Court.